In re Petition for DISCIPLINARY ACTION AGAINST Kenneth J. KLUDT, an Attorney at Law of the State of Minnesota.

No. C5–91–474.

Supreme Court of Minnesota.

Nov. 9, 1995.

## ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition alleging that respondent Kenneth J. Kludt has committed unprofessional conduct by failing to provide a properly executed stipulation for dismissal in a legal matter entrusted to him, requiring court intervention to dispose of the matter, and alleging a failure to cooperate with the ethics investigation into the matter; and

WHEREAS, the Director and respondent have entered into a stipulation wherein respondent waives his rights pursuant to Rules 9 and 14, Rules on Lawyers Professional

Responsibility, and unconditionally admits the allegations of the petition and in which they jointly recommend a public reprimand, payment of $750 in costs pursuant to Rule 24, and 2 years' supervised probation subject to the following conditions:

a. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date of this Court's order approving this stipulation. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 2 weeks from the date of the Court's order approving this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

g. Respondent agrees and understands that if, at any time during the probation, respondent fails to timely respond to the Director's investigation or inquiries, respondent's failure to do so shall constitute grounds for immediate suspension from the practice of law pending final outcome of the discipline proceeding. See Rule 16, RLPR; and

WHEREAS, the record indicates that respondent has previously received a public reprimand with 2 years' probation and three admonitions, two of which involved failure to diligently pursue legal matters entrusted to him, conduct similar to that here; and

WHEREAS, the stipulation acknowledges the court may impose any disposition it deems appropriate based on the admitted-to conduct,

IT IS HEREBY ORDERED that Kenneth J. Kludt is suspended for 30 days, effective 15 days from the date of this order, that the reinstatement hearing provided for in Rule 18 be waived, that respondent comply with Rule 26, that he pay $750 in costs pursuant to Rule 24, that the requirement to complete the professional responsibility exam be

waived, and that he may be reinstated on the expiration of the suspension period provided that at least 15 days prior to such expiration, he files an affidavit with the Clerk of Appellate Courts and the Director's office establishing that he is current with Continuing Legal Education requirements, has fully complied with Rules 24 and 26, and, further, that upon reinstatement, he shall be placed on 2 years' supervised probation on the conditions set out in the parties stipulation.

BY THE COURT:

/s/ Mary Jeanne Coyne

Mary Jeanne Coyne

Associate Justice